UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IRMA STEPHENS,**<br>     Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-6885** |
| **THE BOARD OF SUPERVISORS OF THE UNIVERSITY OF LOUISIANA SYSTEM,**<br>     Defendant | **SECTION "E" (5)** |

# ORDER

Before the Court is Plaintiff Irma Stephens' Motion for Review of Bill of Costs.[1] The motion is opposed.[2] For the following reasons, Plaintiff's motion is **DENIED**.

On May 23, 2016, Plaintiff Irma Stephens filed a complaint against Defendant the Board of Supervisors of the University of Louisiana System alleging racial discrimination, race-based harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964.[3] This Court held a jury trial in the matter from January 16, 2018 to January 23, 2018.[4] The jury found in favor of Defendant,[5] and the Court entered judgment for Defendant on January 25, 2018.[6]

On February 28, 2018, Defendant filed a Motion for Taxation of Costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure through the Court's CM/ECF electronic filing system.[7] The accompanying notice of submission indicated the motion

---

[1] R. Doc. 163.
[2] R. Doc. 165.
[3] R. Doc. 1.
[4] R. Doc. 144.
[5] R. Doc. 148.
[6] R. Doc. 153.
[7] R. Doc. 157.

1

would be submitted before the district judge,[8] but the case administrator in the Clerk's Office who docketed Defendant's motion indicated on the docket sheet the motion would be submitted before the Chief Deputy Clerk.[9] Plaintiff opposed Defendant's Motion for Taxation of Costs, arguing Defendant should have sought taxation by the clerk, not by the court.[10] Defendant filed a reply to Plaintiff's opposition.[11] On August 2, 2018, the Clerk of Court issued a revised Bill of Costs allowing $5,245.25 to be taxed against Plaintiff.[12] The Clerk of Court noted the case administrator "correct[ed] the harmless error in the notice of submission" by indicating on the docket sheet the motion would be submitted before the Chief Deputy Clerk.[13] On August 9, 2018, Plaintiff filed a Motion for Review of Bill of Costs requesting this Court review the Clerk's decision.[14] On August 27, 2018, Defendant filed its opposition.[15]

Rule 54(d)(1) of the Federal Rules of Civil Procedure allows costs to be granted to the prevailing party. Local Rule 54.3 of the Local Civil Rules for the United States District Court for the Eastern District of Louisiana requires the prevailing party to file a motion for costs "with the clerk" within 35 days of receiving notice of entry of judgment.

Defendant, who prevailed in this case, filed a Motion for Taxation of Costs on February 28, 2018,[16] 34 days after receiving notice of entry of judgment on January 25,

---

[8] R. Doc. 157-4.
[9] Docket Entry, R. Doc. 157
[10] R. Doc. 158.
[11] R. Doc. 160.
[12] R. Doc. 162.
[13] R. Doc. 162-1. at 3.
[14] R. Doc. 163.
[15] R. Doc. 165.
[16] R. Doc. 157.

2018.[17] Plaintiff contends Defendant's motion is untimely because it was submitted to the Court rather than to the Clerk of Court.

The Clerk of Court dismissed Plaintiff's argument, as does this Court. It was harmless error for Defendant to file the Motion for Taxation of Costs for submission before the Court, rather than the Clerk of Court.[18] As the Clerk of Court noted, because Defendants filed their motion electronically through the CM/ECF Filing System, Plaintiff's counsel was served with Defendant's Bill of Costs on the day it was filed.[19] The case administrator who docketed Defendant's motion corrected any error by indicating the motion would be submitted before the Chief Deputy Clerk.[20] As a result, the Court finds Defendant's Motion for Taxation of Costs was timely filed and submitted to the Clerk of Court pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and Rule 54.3 of the Local Civil Rules.

Accordingly;

**IT IS ORDERED** that Plaintiff Irma Stephens' Motion for Review of Bill of Costs is **DENIED**.[21]

**New Orleans, Louisiana, this 5th day of September, 2018.**

                                               */s/ Susie Morgan*
                                               **SUSIE MORGAN**
                                   **UNITED STATES DISTRICT JUDGE**

---

[17] R. Doc. 153.
[18] Plaintiff relies on *Lagarde v. Metz*, 2017 U.S. Dist. LEXIS 82928 (M.D.La. May 31, 2017) and *Romano v. Citizens Utils. Co.*, 1999 U.S. Dist. LEXIS 11072 (E.D.La. July 15, 1999). In both cases, the prevailing parties did not file Bills of Costs at all. These cases are inapposite.
[19] R. Doc. 162-1. at 3.
[20] *Id.*
[21] R. Doc. 163.